Shakil Ahemad M. KADRI, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–72553.
Agency No. A73–425–323.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Oct. 22, 2003.

Inna Lipkin, Sunnyvale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Virginia Lum, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, Shelley R. Goad, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, BEAM,** and PAEZ, Circuit Judges.

MEMORANDUM ***

Shakil Ahemad M. Kadri petitions for review of the Board of Immigration Appeal's ("BIA") decision affirming the immigration judge's ("IJ") order denying his application for asylum and withholding of removal. Kadri also challenges the BIA's denial of his motion to remand to the IJ so that he could file a claim for withholding of removal under the Convention Against

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**16**

Torture ("CAT"). 8 C.F.R. § 208.18. We have jurisdiction under 8 U.S.C. § 1105a(a) and we grant the petition in part.

■ The BIA and IJ denied asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) on the basis of an adverse credibility determination. We must affirm the BIA's adverse credibility finding if it is supported by substantial evidence. *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1141 (9th Cir.1988). Here, substantial evidence supported the BIA's decision. Kadri's testimony was inconsistent regarding the death of Habib Ghori, his involvement in the Muslim League, and the frequency of his contact with the police at the police station. Additionally, the findings and testimony of the document analyst raised serious questions about the authenticity of Kadri's character letters. These inconsistencies are serious, and go to the heart of Kadri's asylum and withholding of removal claims. For these reasons, we affirm the BIA's adverse credibility determination. Accordingly, we also affirm the BIA's denial of asylum and withholding of removal under 8 U.S.C. § 1231(b)(3).

■ The BIA denied Kadri's motion to remand his claim for relief under CAT solely on the basis of the IJ's adverse credibility determination. In doing so, the BIA abused its discretion by disregarding our decision in *Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001). There, we held that the BIA cannot rely solely on a prior adverse credibility determination as the basis to deny a CAT remand motion. *Id.* This is because the requirements for withholding of removal under CAT are "analytically separate from claims for asylum ... and for withholding of removal under INA § 241(b)(3)." *Id.* at 1283. We recognized that "[i]n particular, ... the Board abused its discretion in failing to recognize that country conditions alone can play a decisive role in granting relief under the Convention." *Id.* at 1280.

By relying solely on the IJ's prior adverse credibility finding, the BIA repeated the mistake it made in *Kamalthas.* The BIA improperly conflated the requirements for CAT relief with the requirements for asylum and withholding of removal. This error is particularly troubling because the country conditions report provides evidence that Muslims in India are particularly vulnerable to police abuse. Accordingly, we vacate the Board's decision to deny Kadri's CAT remand motion, and remand so that the BIA can reconsider Kadri's motion in light of *Kamalthas.*

PETITION DENIED IN PART AND GRANTED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.